ROBERT H. SMITH v. THE STATE.

No. 2830.   Decided January 27, 1904.

**1.—Verdict—Indictment.**

A general verdict rendered upon an indictment which charged in one count the sale of goods, wares and merchandise, and in another the opening and keeping open of his store on Sunday contrary to law, is supported by evidence that defendant sold twenty-six pints of beer, although the evidence is conflicting.

**2.—Witness—Impeachment.**

Unless the witness actually testifies to something injurious to the party offering him, he can not be impeached as his own witness on the ground of surprise, although he may refuse to testify as to a statement made to the county attorney before the trial.

Appeal from the County Court of Dallas. Tried below before Hon. Ed S. Lauderdale.

Appeal from a conviction of violating the Sunday law; penalty, a fine of $20.

No statement is necessary.

No briefs on file.

*Howard Martin,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of violating the Sunday law, and fined $20. The indictment charges that appellant as a merchant, grocer and dealer in goods, wares, and merchandise, did unlawfully open and permit his store and place of business to be opened for the purpose of traffic and sale. It also charges that he sold twenty-six pints of beer to Ella Hogan. The court in its charge submitted both phases of the indictment to the jury. The verdict is general. Appellant insists that the evidence is not sufficient to support the conviction. While there is a conflict in the evidence as to whether there was an actual sale, as alleged in the indictment, yet the evidence clearly supports the proposition that appellant kept open his place of business for the purpose of sale. The verdict being general, it is amply supported by the evidence.

By bill of exceptions appellant insists the court erred "in permitting the county attorney to offer Arthur Ledbetter as a witness to impeach State's witness Louis Dillihas, to prove a statement that said witness had told the county attorney in the witness room that he had delivered the twenty-six pint bottles of beer to Ella Hogan as charged in the indictment." To which defendant objected on the ground that the statement was made in the absence of defendant, and was denied on the stand by witness Dellihas. The court qualifies the bill, as follows: "That a predicate was laid by asking witness Dellihas, by county attorney, if he had not made above statement, and said witness on stand denied having made such statement." The State insists that the court did not err in

this ruling, and that it is permissible for a party to impeach his own witness when misled by the witness, or when surprised by the testimony of the witness. This is a correct proposition of law. But where the witness, as the bill of exceptions here shows, fails to testify, this would not authorize the impeachment of the witness. The witness must testify to something injurious to the party offering him before such party is authorized to impeach his own witness. The mere failure to give testimony does not per se lay a predicate or authorize a predicate to be laid for impeaching one's own witness. Erwin v. State, 32 Texas Crim. Rep., 519; Dunnigain v. State, 38 Texas Crim. Rep., 614; Finley v. State, 47 S. W. Rep., 1015; Thomas v. State, 14 Texas Crim. App., 70. It follows, therefore, that the court erred in permitting the testimony as shown by said bill for the purpose of impeaching the State's own witness.

For the error discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*