TIM WALKER v. THE STATE.

No. 4626. Decided March 17, 1909.

**1.—Burglary—Daytime Breaking—Charge of Court.**

Where the indictment charged that the defendant unlawfully by force, threats and fraud burglariously, etc., broke and entered a house then and there occupied by prosecutor, etc., and the court's charge covered either a day-time or a night-time burglary, there was no error in the court's failure to limit the jury to the consideration of a daytime burglary. Following Carr v. State, 19 Texas Crim. App., 635.

**2.—Same—Statement of Facts—Practice on Appeal.**

Where upon appeal the record contained no statement of facts, questions of fact could not be considered for revision.

Appeal from the District Court of Grimes. Tried below before the Hon. S. W. Dean.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of burglary. Omitting formal parts, the indictment charges as follows: "did then and there unlawfully by force, threats and fraud, burglariously and fraudulently break and enter a house then and there occupied by one L. S. Stuart," etc.

1. The court charged the jury, generally, in applying the law to the case, that if they should find that defendant, Tim Walker, in Grimes County, either alone or acting with Dave Holiday, etc., with force applied to the building did break and enter the house occupied by L. S. Stuart, he would be guilty. The charge of the court is not set out literally, and only the above statement is made to call attention to the point made by appellant; that is, that under the allegation in the indictment the court should have limited the charge to a daytime breaking. It will be noted that the court did not select either day or night breaking, and it may be stated that the court's charge covered a daytime or a night-time burglary. Appellant's contention is that under the peculiar allegation in the indictment the court should have limited the jury to the consideration of a daytime burglary. We are of opinion that the contention is not correct. This question was decided adversely to appellant in the case of Carr v. State, 19 Texas Crim. App., 635. The Carr case has been followed in an unbroken line of decisions, of which there has been quite a number written.

2. The other questions suggested for revision can not be revised in the absence of the evidence. The record does not contain a statement of facts.

As the record is before us, there is no sufficient reason shown for a reversal of the judgment, and it is therefore affirmed.

*Affirmed.*