### T. M. BETTS v. THE STATE.

No. 2600.　Decided June 25, 1913.

Rehearing denied October 22, 1913.

**1.—Murder—Continuance—Record.**

Where the motion for continuance is not in the record, the same can not be reviewed; besides, there was no error in overruling same.

**2.—Same—Evidence—Precedent.**

Where the testimony objected to was held admissible upon former appeal, there was no error.

**3.—Same—Charge of Court—Manslaughter.**

Where the court defined manslaughter and no objection was pointed out to said charge, there was no error.

**4.—Same—Charge of Court—Aggravated Assault.**

Where the complaint to the charges of the court were passed upon on former appeals and the question of aggravated assault was submitted as favorable as the evidence authorized, and the verdict supported a conviction for manslaughter, there was no reversible error.

Appeal from the District Court of Palo Pinto. Tried below before the Hon. W. J. Oxford.

Appeal from a conviction of manslaughter; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*J. W. Moyers* and *J. C. George* and *P. C. Sanders* and *Chandler & Pannell* and *Watson & Simmang,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was convicted on this trial of the offense of manslaughter, and his punishment was assessed at five years confinement in the penitentiary. This is the fourth appeal in this case, the opinions in the former appeals being reported in 57 Texas Crim. Rep., 389; 60 Texas Crim. Rep., 631, and 144 S. W. Rep., 677, and the facts are so fully stated in these opinions we do not deem it necessary to state them again.

There is no motion for a continuance in the record, and while there is a bill of exceptions in the record complaining of the action of the court in overruling his motion for a continuance on account of Mrs. Betts, the application is not copied in the bill, and not being in the record, we can not review this matter. The court in approving the bill states that the motion was defective and wholly insufficient in law, and if this is true, were the motion for continuance copied in the record, it would not be of any avail to appellant.

The appellant again objected to the testimony of Bland Marshall, Lena Jones and Bates Cox. As this testimony was held admissible in all three of the former opinions, we do not deem it necessary to discuss the question again.

Appellant complains that the court erred in not defining manslaughter. As the court did define this offense, if any error there be in such definition, appellant does not seek to point it out.

Appellant's complaint of the charge as specified in bill No. 7, and in the seventh paragraph of the motion, was passed on by this court in the former appeal in this case reported in 60 Texas Crim. Rep., 631, and under such circumstances we will not again review the question.

The court submitted the issue of aggravated assault as favorably to appellant as the evidence authorized, and in accordance with the former opinions in this case.

All the questions presented on this appeal have been decided adversely to appellant in the former opinions in this case. The evidence supports the verdict and the judgment is affirmed.

*Affirmed.*

[Rehearing denied October 22, 1913.—Reporter.]