### G. W. PERRETT v. THE STATE.

No. 3286. Decided October 28, 1914.

**1.—Rape—Confession—Evidence.**

Where, upon trial of rape, the alleged confession of defendant was not made in conformity to law, the same was reversible error.

**2.—Same—Contradicting Witness—Evidence.**

Where, upon trial of rape, the State placed prosecutrix on the stand as a witness who denied all acts of intercourse with the defendant, which was not a matter of surprise to the State, it was improper to permit the State to introduce her written statement made prior to the finding of the indictment in which she substantially admitted the illicit intercourse.

Appeal from the District Court of Tarrant. Tried below before the Hon. Jas. W. Swayne.

Appeal from a conviction of rape; penalty, thirty-five years imprisonment in the penitentiary.

The opinion states the case.

*Poulter & Johnson,* for appellant.—On question of confessions: Henzen v. State, 62 Texas Crim. Rep., 336, 137 S. W. Rep., 1141; Burton v. State, 62 Texas Crim. Rep., 402, 137 S. W. Rep., 1145; Ayers v. State, 62 Texas Crim. Rep., 428, 137 S. W. Rep., 1146; Majors v. State, 63 Texas Crim. Rep., 488, 140 S. W. Rep., 1095; Overstreet v. State, 67 Texas Crim. Rep., 565, 150 S. W. Rep., 630; Jenkins v. State, 60 Texas Crim. Rep., 236, 131 S. W. Rep., 542.

On question of contradicting State's witness: Skeen v. State, 51 Texas Crim. Rep., 39, 100 S. W. Rep., 770; Quinn v. State, 51 Texas Crim. Rep., 155, 101 S. W. Rep., 248; Andrews v. State, 64 Texas Crim. Rep., 2, 141 S. W. Rep., 220; Price v. State, 66 Texas Crim. Rep., 400, 147 S. W. Rep., 243; Goss v. State, 57 Texas Crim. Rep., 557, 124 S. W. Rep., 107.

*C. E. Lane,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of rape. This is the second appeal; the first will be found reported in 72 Texas Crim. Rep., 212, 162 S. W. Rep., 882.

The case was reversed before on account of the introduction of the confession of appellant. This confession was again admitted in evidence, and the matter is presented by proper bill of exceptions in this record. Here the question is presented practically as on the former appeal. For this reason the judgment will have to be reversed.

There is another question in the record which is reversible. The

alleged injured girl was the daughter of appellant, and was placed on the stand on the previous trial as she was in this trial by the State and denied all acts of intercourse with her father. She testified the same, it seems, upon the former trial as we understand this record. The State then introduced her written statement in which she, in substance, admitted the illicit intercourse. This was made prior to the finding of the indictment. She had testified nothing injurious to the State further than a simple denial of the acts of intercourse. Of this the State was fully aware when she was placed upon the stand as a witness, therefore surprise could not be urged. The State will not be permitted to put a witness on the stand, knowing that the testimony would be adverse, in order to get in another statement which would be beneficial to the State. If the State had expected her to swear to the intercourse and she had denied it, then perhaps on the theory of surprise the prosecution might have introduced this testimony by way of impeachment or if the appellant had introduced her and had her testify, then she could be so impeached. There are two bills presenting this matter: one as to the written statement, and the other verbal testimony. This was error. The State could not get a statement of the girl incriminating her father before the jury in this manner.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*