## J. YOUNG v. THE STATE.

### No. 5016.    Decided November 13, 1918.

**1.—Burglary—Indictment—Sufficiency of Pleading.**

    In an indictment for burglary, other than the burglary of a private residence at night, if it alleges that the accused did break and enter, it need not be alleged whether the entry was in the daytime or at night, and where the instant indictment alleged that defendant did then and there unlawfully in the daytime and at night, by force, threats, and fraud, break and enter the house, etc., without the consent, etc., of the owner and with the intent, etc., to steal, the same was sufficient. Following Carr v. State, 19 Texas Crim. App., 635, and other cases.

**2.—Same—Severance—Res Judicata—Practice in District Court.**

    The granting of a severance at a previous term of the court is not res judicata of the question of a severance between different defendants at the next term of the court, and where defendant did not make a motion for severance he could not rely on his motion made at the previous term; besides, the granting of a severance would have resulted in a continuance. Following Millner v. State, 72 Texas Crim. Rep., 45, and other cases.

**3.—Same—Continuance—Statement of Facts.**

    In the absence of a statement of facts the overruling of a motion for continuance can not be considered where said motion was contested.

    Appeal from the District Court of Polk. Tried below before the Hon. J. Llewellyn.

Appeal from a conviction of burglary; penalty, six years imprisonment in the penitentiary.

The opinion states the case.

*G. C. Clegg,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.—Cited cases in the opinion.

PRENDERGAST, JUDGE.—Appellant was convicted of burglary. There is no statement of facts.

The first part of the indictmen was regular. Then it averred that on or about February 28, 1917, in said county appellant "did then and there unlawfully in the daytime and at night, by force, threats and fraud break and enter a house there situate and owned by John Handley" without the consent, etc., of the said Handley and with the intent, etc., to steal. The latter part of the indictment charging the intent to steal is in regular form and clearly sufficient. No point is attempted to be made against it.

Appellant made a motion to quash the indictment claiming that it was duplicitous in charging in the same count a burglary both "in the daytime and at night." As seen, the indictment specifically averred that the burglary was committed "by force, threats and fraud," and also that he did "break and enter" a house, etc.

It has been the settled law of this State since the decision of this court in the Carr case, 19 Texas Crim. App., 635, that in an indictment for burglary, other than the burglary of a private residence at night, if it alleges that the accused "did break and enter" it need not be alleged whether the entry was in the daytime or at night; that under such an allegation when the proof shows the entry by force applied to the house, which is a "breaking," with the intent to commit felony or theft alleged it is immaterial whether the house was entered in the daytime or at night. In other words, when an indictment alleges, as stated above, that he "did break and enter" and by force, a house with the intent to commit theft that such an indictment charges both a nighttime burglary and a daytime burglary. For some of the cases so holding see 2 Branch's Ann. P. C., sec. 3227.

In Walker v. State, 55 Texas Crim. Rep., 546, the indictment alleged that appellant by force, threats and fraud did burglariously and fraudulently break and enter a house, etc. He contended that under said allegation the court should have limited the charge to a daytime breaking. This court, through Presiding Judge Davidson, held: "It will be noted that the court did not select either day or night breaking, and it may be stated that the court's charge covered a daytime or a nighttime burglary"; and further: "We are of opinion that the contention is not correct. This question was decided adversely to appellant in the case of Carr v. State, 19 Texas Crim. App., 635. The Carr case

has been followed in an unbroken line of decisions, of which there has been quite a number written."

In Stephens case, 69 Texas Crim. Rep., 319, the indictment alleged that appellant did by force, threats and fraud break and enter a house, etc. Appellant therein attacked the indictment on the ground that it did not allege whether the burglary was committed in the daytime or at night. Judge Davidson said: "Nor is there any merit in the proposition that the indictment failed to allege whether the offense was committed in the daytime or night-time. It does allege that the house was, by force, threats and fraud, broken and entered. This was sufficient to cover a daytime or night-time burglary." Citing the Carr and Walker cases, supra, and other cases.

In Montgomery, 55 Texas Crim. Rep., 502, this court, through Judge Davidson, held: "That portion of the criticism in reference to the indictment failing to allege definitely whether it was a night or day breaking is also without merit. The indictment charged specifically that the defendant did by force, threats and fraud burglariously and fraudulently break and enter a house. This is a sufficient allegation to charge either a night or daytime burglary under the general statute." Again citing the Carr and other cases.

In Buchanan v. State, 24 Texas Crim. App., 195, this court, through Judge Wilson held: "It is charged in the indictment that the burglary was committed by means of force, threats and fraud, and that the defendant did 'break and enter' the house. The *time,* whether daytime or night, is not alleged. It has been held by this court that such an indictment will support a conviction for either a daytime or night-time burglary, if the proof shows that the force used in the perpetration of the burglary was applied to the building." Citing the Carr and another case.

In Gonzales v. State, 12 Texas Crim. App., 657, the indictment was in two counts; one charging specifically burglary in the daytime and the other in the night-time. This court, by Judge Wilson said: "Before the trial of the case commenced the court required the district attorney to elect which of these counts he would proceed to try the defendant upon, and he elected to proceed upon the second count. In this we think the court erred. An indictment may contain as many counts, charging the same offense, as the attorney who prepares it may think necessary to insert. (C. C. P., art. 433.) . . . Where several counts are introduced in an indictment solely for the purpose of meeting the evidence as it may transpire, the charges being substantially for the same offense, as in this case, the State can not properly be required to elect. (1 Whart., Am. Cr. Law, 416; Dill v. State, 1 Texas Crim. App., 278; Weathersby v. State, id., 643; Dalton v. State, 4 Texas Crim. App., 333; Irving v. State, 8 Texas Crim. App., 46.)

"*The offense charged in each of the counts in this indictment is the same;* the only difference being that one count charges it to have been

committed in the daytime and the other that it was committed in the night-time."

As stated, where an indictment for burglary alleges that appellant did break and enter a house by force, without alleging whether it was in the daytime or night-time, charges both daytime and night-time burglary. Hence, where as in this case the indictment charges that appellant "did break and enter" by force a house, it certainly would not vitiate the indictment to allege that this was done both in the daytime and in the night-time. What can be alleged indirectly can certainly be alleged directly.

At the May term, 1917, appellant made a motion averring that Jim I. Voorhies was separately indicted for the offense growing out of the same transaction of which he was indicted and that Voorhies' testimony was material for his defense and sought a severance. The court at that time granted his motion and put Voorhies first on trial. The jury failed to agree and a mistrial therein was entered. The court then at that time continued all cases for that term.

At the subsequent term Voorhies made an affidavit in accordance with the statute seeking a severance from appellant and asking that appellant's case be tried first in order that he could use his evidence in his behalf when he was tried. His motion was also in accordance with the statute. Voorhies' attorneys requested the district attorney to postpone his case for a few days. The district attorney declined to do this unless defendant's attorneys would agree to and would file an application for a severance which they then did. On the hearing of Voorhies' motion the matter was submitted to the court without any suggestion by his attorneys as to what action the court should take. Voorhies' motion was then granted by the court, to which appellant excepted. The court in approval of the bill presenting this question qualified it by stating that Voorhies was sick and could not be tried at that term of the court and defendant's case appeared first on the docket.

The granting of appellant's motion for severance at the previous term of the court as has been expressly held by this court in Brooks v. State, 42 Texas Crim. Rep., 347, was not res judicata of the question of a severance between different defendants at the next term; that the severance at the time was granted for that trial "and upon subsequent trials the parties would have the right to change the order of trial. . . ." The statute (art. 727, C. C. P.) provides that in the event two or more defendants make an affidavit for a severance "and can not agree as to the order of trial than the presiding judge shall direct the order in which the defendants shall be tried; provided that the making of said affidavit does not without other sufficient cause, operate as a continuance to either party." In this case as shown Voorhies, at the term appellant was tried, made a motion for a severance. Appellant did not at that term make any such motion. He relied on his motion made at the previous term. But in effect they could not or did not agree which should first be tried. The court then undoubtedly under

the statute had the right, as well as it was made his duty, to determine the order of trial, and could, as he did, require appellant to be tried first. In addition, if he had required that Voorhies should be first tried, then as he states in the qualification to appellant's bill Voorhies was then sick and could not be tried at that term, and this would have resulted in a continuance of appellant's case. This the trial judge had a right to prevent under the terms of the statute. Stouard v. State, 27 Texas Crim. App., 1; King v. State, 35 Texas Crim. Rep., 471; Locklin v. State, 75 S. W. Rep., 305; Millner v. State, 72 Texas Crim. Rep., 45, 162 S. W. Rep., 348; Millner v. State, 75 Texas Crim. Rep., 22, 169 S. W. Rep., 899; Howard v. State, 79 Texas Crim. Rep., 267, 184 S. W. Rep., 505. On both and each of said grounds the court's action presents no reversible error.

Appellant has another bill complaining o.. the action of the court in overruling his motion for a continuance on account of the absence of another witness. The State contested this motion. This question can not be considered in the absence of a statement of facts as has all the time been held by this court. Besides, in hearing the contest the evidence heard by the judge must be held to have been sufficient to have justified his action. What testimony was heard is not shown by the bill or the record otherwise

The judgment is affirmed.

*Affirmed.*