## Luther Hughes v. The State.

### No. 9061.   Delivered May 13, 1925.

1.—Possessing Intoxicating Liquor—Evidence—Impeaching Own Witness—When Permissible.

Where on a trial of unlawfully possessing intoxicating liquor, the State's prosecuting witness refused to identify the defendant as the man from whom he bought whisky, it was error to permit the State to lay a predicate by such witness, and then prove by a member of the grand jury that returned the indictment, that prosecuting witness, before the grand jury did identify the defendant as being the person from whom he bought whisky.

2.—Same—Continued.

Many authorities will be found collated in Sec. 164 of Branch's Ann. P. C. sustaining the proposition that it is error to permit the State to impeach her own witness, where such witness merely fails to remember, or refuses to testify, or fails to make out the State's case. A mere failure to make proof is no ground for impeaching such witness. Following Scott v. State, 20 S. W. 519, and other cases cited.

Appeal from the District Court of Potter County.   Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction for possessing intoxicating liquor for purposes of sale; penalty, two years in the penitentiary.

The opinion states the case.

*J. L. Culwell,* and *A. M. Mood,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

LATTIMORE, Judge.—Appellant was convicted in the district court of Potter County of possessing intoxicating liquor for purposes of sale, and his punishment fixed at two years in the penitentiary.

A prosecuting witness introduced by the State said he bought liquor on the occasion mentioned but declined to identify appellant

as the man from whom he bought it. He was asked by the State if he did not tell the grand jury that the party from whom he bought the liquor was Luther Hughes (appellant) and said that he did not think so. Thereafter the State introduced Mr. Beasley, a member of the grand jury which returned this indictment, and in his direct examination the State asked him whether or not the witness above referred to, when before the grand jury on the 13th of June, 1924, identified the defendant Luther Hughes as being the man from whom he bought the whiskey. Appellant objected to this for various reasons, among others, that the State could not impeach its own witness because of the fact that he simply did not identify the appellant as the guilty party. This bill of exceptions is qualified with the statement that the district attorney claimed surprise because the witness referred to declined to positively identify appellant, and that said district attorney laid a sufficient predicate by asking appellant if he did not positively identify defendant when before the grand jury, and that witness having denied such identification before the grand jury, the State should be permitted by the court to bring the grand jury foreman to testify for the purpose of impeaching said State witness. The learned trial judge further explains the bill by saying that in his charge to the jury he restricted the testimony of said foreman of the grand jury to impeachment purposes. The question then is, was the case one in which the State might impeach its own witness. Many authorities will be found collated in Sec. 164 of Mr. Branch's Annotated P. C. sustaining the proposition that it is error to permit the State to impeach her own witness where such witness merely fails to remember, or refuses to testify, or fails to make out the State's case. It is stated that a mere failure to make proof is no ground for impeaching such witness. Many cases are cited explaining what is meant by failure to make proof. Scott v. State, 20 S. W. Rep. 519; Bailey v. State, 37 Texas Crim. Rep. 581; Oates v. State, 149 S. W. Rep. 1194; Evans v. State, 172 S. W. Rep. 795. It is stated that where a witness has once testified, the party introducing him has a right to suppose that he will swear to the same facts on the present trial, and upon failure to do so, may inquire of the witness as to what different facts he had sworn to on a former occasion for the purpose of showing surprise at the testimony, or for the purpose of refreshing the memory of the witness; but if the object is to discredit the witness, it should not be allowed where no fact or denial of a fact injurious to the party calling him is stated. Bennett v. State, 24 Texas Crim. App. 78; White v. State, 10 Texas Crim. App. 397; Binyon v. State, 56 S. W. Rep. 339; Andrews v. State 64 Texas Crim. 5; Renn v. State, 64 Texas Crim. 652; Briscoe v. State, 196 S. W. Rep. 185. We are unable to perceive how the fact that the witness failed to identify appellant as the party from whom he bought the liquor, could be the statement

of a fact hurtful to the State's case. It seems to us merely a failure to make proof, and in our opinion the admitting of the testimony of the foreman of the grand jury, placing before the trial jury the fact that witness had positively identified the defendant, was putting before the jury a hurtful and inadmissible fact under the circumstances of this case, under guise of impeachment. For this error, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*