## GUY BARHAM v. THE STATE.

No. 18205. Delivered April 22, 1936.

234

The opinion states the case.

*Joe Burkett, Jr.,* of Kerrville, and *Joe Burkett,* of San Antonio, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is wilfully killing a mule with the intent to injure the owner; the punishment, a fine of ten dollars.

Some mules were shot on the night of July 6, 1935, and died shortly thereafter. There was testimony to the effect that it was common for people in the vicinity to hunt deer at night. There was no testimony connecting appellant with the commission of the offense except the written statement of his son, Cecil Barham, who, shortly after the killing of the mules, had been arrested and placed in jail. While in custody he made a statement which incriminated his father. When placed upon the witness stand by the State he repudiated that part of the statement incriminating his father, and gave testimony to the effect that he knew nothing about the transaction. Counsel for the State admitted that they had talked to the witness before placing him on the stand, and that he had repudiated his statement. In short, the bill of exception complaining of the introduction of the statement shows conclusively that counsel for the State were not surprised at the testimony the witness gave and were aware that he would repudiate his statement when called upon to testify. Also, it is certified in the bill of exception that the State was permitted to introduce said statement as original testimony.

In Art. 732, C. C. P., it is declared that the rule forbidding one to attack the testimony of his own witness "is so far modified as that any party, when facts stated by the witness are injurious to his cause, may attack his testimony in other manner, except by proving the bad character of the witness." It is the uniform holding of this court that when the State introduces a witness, it can not attack his testimony unless the witness has stated facts injurious to the State's case. The mere failure of a witness to give testimony favorable to the

State does not authorize his impeachment. Heffernarn v. State, 266 S. W., 507, and authorities cited. Again, it is the rule that the State will not be permitted to put a witness on the stand, knowing that his testimony will be adverse, in order to get in another statement which would be beneficial to the State. Odneal v. State, 36 S. W. (2d) 1020. Not only were counsel for the State not surprised, but the witness was merely in the attitude of failing to give testimony favorable to the State. Under the circumstances, the use of his written statement was not available to impeach him; nor could its reception be justified under the rule permitting the memory of witnesses to be refreshed. As the record presents the matter, said statement was converted into original testimony. It was hearsay and was not available to the State to sustain the conviction. Heffernarn v. State, supra. It follows that the bill of exception complaining of its reception presents reversible error.

Again, the judgment can not stand upon the evidence adduced for the reason that, aside from the written statement of the witness, there is nothing in the record connecting appellant with the commission of the offense.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.