WILLIS B. MIMS V. STATE.

No. 26,509. October 7, 1953.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) November 18, 1953.

*Harold H. Young,* Odessa, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

The offense is murder; the penalty assessed is confinement in the state penitentiary for a term of 12 years.

In the brief of Hon. Wesley Dice, State's Attorney, the facts are summarized as follows:

"The homicide occurred on the night and early morning of March 16 and 17, 1952, in the town of Odessa, in front of the colored Elks Club in a section commonly known as the 'flats.' According to the State's version, the deceased, Mack Swopes, who was operating the colored Elks Club, first had a difficulty with a colored lady who came to the club to find her husband. During this difficulty, one Frank James interceded, and the deceased, Swopes, slapped James and pulled his gun. At this time the appellant, who was a colored city officer, and his companion, Fred W. Calloway, another officer, appeared in front of the Elks Club, where the deceased was standing with a gun in his hand. Officer Calloway told the deceased to give him his gun and deceased refused, and thereupon Officer Calloway, in an attempt to take the gun away from deceased, was accidentally

shot in the knee. When Officer Calloway was shot, the appellant went across the street to call for help, and during the absence of appellant, Officer Calloway took the gun from the deceased and placed the same, along with the officer's gun, on the curb. When the appellant returned from calling for help, Officer Calloway was holding on to the deceased Swopes because of his injury, and the actual trouble between the deceased and Officer Calloway had ceased. The deceased then told the appellant that he, appellant, had been wanting this to happen for a long time, and that if the appellant would put down his gun he would whip him all over the 'flats.' Thereupon, the appellant shot the deceased Swopes four times, one bullet striking the deceased in the head, one in the arm, and the other two in the deceased's body. According to the State's version, the deceased was unarmed at the time he was shot by the appellant, and was making no move towards the appellant whatsoever."

The record presents only one formal bill of exception, which complains of the action of the trial court in sustaining the state's objection to certain questions propounded to the appellant's witness, Fred W. Calloway, relative to a statement which he had formerly made to a special investigator of the district attorney's office. The statement was rejected by the court and exception was reserved by the appellant, the rejection being based upon the proposition that appellant was impeaching his own witness and did not claim to be surprised by him in any statement which the witness had made. This statement was never offered in evidence. It is not shown that Calloway was a hostile witness to the appellant nor that the answer of the witness surprised the appellant. In the absence of such allegations, it has been held that the mere failure of a witness to give expected testimony does not authorize his impeachment. See Hext v. State, 100 Tex. Cr. R. 24, 271 S.W. 81. Furthermore, it has been held that a party introducing a witness cannot attack his testimony unless the witness has stated facts injurious to such party. See Butcher v. State, 104 Tex. Cr. R. 464, 284 S.W. 219.

The evidence in this case discloses an unwarranted killing, and we see no reason why the verdict and the court's judgment thereunder should be disturbed.

The judgment will therefore be affirmed.