RONALD WAYNE CRANDALL V. STATE

No. 32,227. November 16, 1960

*N. Gabriel Nahas, Jr.,* Houston 2, for appellant.

*Dan Walton,* District Attorney, *Samuel H. Robertson, Jr., Carol S. Vance,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is felony theft; the punishment, 3 years.

Two brief cases were stolen from an automobile which contained over $4,000 in currency and a larger amount in checks.

The money and checks, and others, had been turned over to Flem Clark to be taken to banks to be deposited to the account of his employer, Eddy Refining Company and its affiliate, the Key Oil Company.

Appellant and his co-indictees Elliott and Baker were arrested the following day in Louisiana. Some $2,586.00 was found in appellant's pocket and some $2,400.00 was found between the box springs and mattress in the tourist court room which his companions had occupied.

Appellant had been employed by the same company and had acted as messenger in making similar deposits.

Appellant's co-indictee Elliott testified as a witness for the

state that appellant called him on the telephone and stated "We just came from the oil company." His further testimony included the following:

Learning that Elliott was alone, appellant and Baker arrived at his home shortly with two brief cases containing money and checks. After sorting the contents, the three went to an oil field near Burbanks and burned the checks and brief cases, and after visiting a couple of lounges, headed for Louisiana in appellant's automobile. Arriving in Lake Charles, appellant got out at his ex-wife's house and Baker and the witness Elliott went to the tourist court where the three were arrested the next day. After being returned to Houston he pointed out to the officers where the checks and brief cases had been burned.

It is apparent that these facts stated by the witness Elliott were not injurious to the state's case.

The attorney representing the state, however, pleaded surprise and was permitted to impeach the witness Elliott by his statement made to a police officer wherein he stated that in the telephone conversation, appellant's statement was "that he and Harold B. Baker had just 'hit' the oil company deposit man."

Art. 732 V.A.C.C.P. modifies the rule that a party introducing a witness shall not attack his testimony, but permits such attacks only when the facts stated by such witness are injurious to the cause of the party who called him.

Applying this rule, this court has consistently held that the state may impeach its witness where such witness testifies to either affirmative or negative facts injurious to the state's case, but may not impeach its witness who merely fails to testify as expected, or to remember facts favorable to the state. Solomon v. State, 162 Tex. Cr. R. 374, 285 S.W. 2d 755, and cases cited under Art. 732 V.A.C.C.P., Note 2.

It is observed that Elliott testified to the telephone conversation with appellant early in his testimony and no effort was made to impeach him until he had testified at length and was again asked about the telephone statement of appellant; that counsel for the state had not talked with the witness but relied solely upon his signed statement to a police officer, and that no effort was made to refresh the memory of witness.

The statement signed by the witness was prejudicial to ap-

pellant and its improper admission in evidence as impeachment requires that a new trial be granted.

The judgment is reversed and the cause remanded.