**Leslie C. BOSTICK, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 35128.**

Court of Criminal Appeals of Texas.

Dec. 12, 1962.

Rehearing Denied Jan. 23, 1963.

James S. McGrath, Beaumont (on appeal only), for appellant.

W. C. Lindsey, Dist. Atty., Ken Parker, Asst. Dist. Atty., Beaumont, for the State.

MORRISON, Judge.

The offense is conspiracy to commit the crime of forgery and passing as true forged instruments; the punishment, 5 years.

In view of our disposition of this case, a recitation of the facts will not be necessary other than to observe that one of appellant's co-indictees, who had been arrested during the commission of the offense and who had been in custody thereafter, had confessed, plead guilty, was serving his sentence and was brought back on a bench warrant to testify for the State. At the beginning of his testimony, he identified appellant and stated that he knew him on the

date charged in the indictment but then denied that appellant had certain checks in his possession or had produced the same for the witness to sign. At this juncture, the prosecutor stated, "Your Honor, at this time the State will allege surprise to what this witness has testified to, and classify him as a hostile witness and proceed accordingly." Over appellant's repeated objections that the proper predicate had not been laid, the State, without further proof as to a predicate, was permitted to read the witness's confession made shortly after his arrest and in the absence of appellant. In permitting such evidence, we have concluded that the court fell into error. In the recent case of Crandall v. State, Tex.Cr. App., 340 S.W.2d 36 (1960), this Court reversed a conviction where the record revealed that the prosecutor had not talked to the witness and relied (as in the case at bar) upon the prior statement of the witness without making any effort to refresh the memory of the witness.

Where, as here, the State has the witness in their exclusive custody for a period of one year following the making of the statement and prior to offering the witness, it is incumbent on the prosecutor to take the measures indicated in Crandall before attempting to introduce in evidence a prior statement of the witness which is admissible only as an exception to the hearsay rule.

For the error pointed out, the judgment is reversed and the cause remanded.

### CONCURRING OPINION

WOODLEY, Presiding Judge.

I concur in the reversal of the conviction because appellant's formal bill of exception No. 1, timely filed with the clerk of the trial court, certifies that at the time the confession of appellant's co-defendant Anderson was offered it was not shown for what purpose it was offered; that the court refused to instruct the jury that the statement could be considered only for impeachment purposes, and that such refusal to submit such requested charge was prejudicial to the rights of the appellant.