**Phillip PERKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41537.**

Court of Criminal Appeals of Texas.

Nov. 13, 1968.

Ray & Kirkpatrick, by C. L. Ray, Jr., Marshall, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is murder without malice; the punishment, five years in the Texas Department of Corrections.

The indictment charged the appellant with the murder of Edgar Frazier Willis while engaged in an act of assault with intent to commit murder upon John Henry Tanghlyn. See Article 42, Vernon's Ann. P.C.

In his fifth ground of error appellant contends the State was permitted to improperly impeach its own witness.

After both sides had rested, the court in effect permitted the State to re-open its case. The district attorney then called the appellant's brother, Willie Perkins, as a State's witness, and immediately established that he had testified at a previous habeas corpus hearing in connection with the case. The district attorney's purpose in calling such witness was revealed early in the interrogation when the court reminded him that this was not rebuttal testimony as he had previously assured the court and he replied in part: "No, sir. As a matter of fact, I was hoping that I would get a chance to cross examine one of these witnesses, but I didn't."

Thereafter, without the witness stating facts injurious to the State, the district attorney was permitted to impeach the witness with his previous habeas corpus testimony when he failed to testify as expected or to remember facts favorable to the State. At the conclusion of such testimony the transcription of the habeas corpus proceedings was introduced into evidence to impeach and contradict his testimony. Such testimony was injurious to the appellant and bolstered the State's case.

Only recently in Wall v. State, Tex.Cr. App., 417 S.W.2d 59, we said:

"First, a party introducing a witness cannot attack his or her testimony unless the witness has stated facts injurious to such party. Article 38.28, Vernon's Ann.C.C.P.; Mims v. State, 159 Tex.Cr. R. 180, 261 S.W.2d 727. It is not sufficient that the witness merely fails to testify as expected or to remember facts favorable to the party calling the witness. Crandall v. State, 170 Tex.Cr.R. 229, 340 S.W.2d 36. * * *

"Further, foreknowledge of a witness's testimony precludes impeachment though such testimony is decidedly adverse on a vital issue. Perrett v. State, 75 Tex.Cr. R. 94, 170 S.W. 316; Hollingsworth v. State, 78 Tex.Cr.R. 489, 182 S.W. 465; Scott v. State, Tex.Cr.App., 20 S.W. 549; 62 Tex.Jur.2d, 339, Sec. 323."

In the instant case even if it could be argued that the witness stated any fact injurious to State's case which had been previously well established by other witnesses, the district attorney at no time despite repeated objections, claimed surprise nor laid any predicate to justify impeaching his own witness. In fact, it was established on voir dire that earlier in the week and prior to trial the witness informed the district attorney he would not so testify as the prosecutor expected him to.

In Ware v. State, Tex.Cr.App., 92 S.W. 1093, it was held that where the State's witness admitted that he had made a contrary statement, but said he made it by mistake and before trial had informed State's counsel that he was mistaken, such witness could not be impeached by such statement. See also Wall v. State, supra; Barham v. State, 130 Tex.Cr.R. 233, 93 S.W.2d 741; Odneal v. State, 117 Tex.Cr. R. 412, 36 S.W.2d 1020.

Further, we observe that the district attorney joined in the appellant's motion for new trial and filed no appellate brief in the trial court.

For the error observed, the judgment is reversed and the cause remanded.