Huguette SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 44793.

Court of Criminal Appeals of Texas.

May 3, 1972.

**312**

Robert M. Jones, Dallas, Forrester Hancock, Waxahachie, for appellant.

Ward P. Casey, County Atty., Waxahachie, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for murder; the punishment, assessed by the jury, was twenty-five years imprisonment.

While drinking beer at the home of a neighbor, the appellant and her husband had an argument concerning a package of cigarettes. The appellant's husband threw a beer bottle at her. The bottle missed her but struck her five-year-old daughter. The appellant left to take her injured daughter to the hospital, but returned and got her husband to go with them. There was another argument about the speed at which the appellant was driving. When the appellant stopped at an intersection in Milford, her husband got out of the automobile. The appellant also got out and as they continued to argue, she reached into the automobile and obtained a .22 caliber pistol. She testified the first three shots were not fired at her husband. The fourth shot which she said she fired at him struck him in the shoulder. The appellant got him back in the automobile and after picking up her brother and her nephew, she drove at a high rate of speed to the hospital in Waxahachie. Her husband died soon after they arrived at the hospital.

There was evidence that on a prior occasion some months before the appellant had fired a pistol at her husband, injuring his leg.

The first ground of error is that "The trial court erred in allowing the State's attorney to impeach his own witness."

On direct examination by the prosecutor, the witness Bailey testified he had known the deceased since their early school days and the appellant since the time she had married her now-deceased husband.

Bailey related that about Christmas time in 1969, in the home of the appellant and in her presence the now-deceased husband told him "something about some bullet holes

in the ceiling when there had been too much drinking or something" and that the appellant "shot some holes in the ceiling." Bailey was asked "[D]id he (deceased) indicate whether or not (the appellant) was shooting at him" and Bailey answered "No, sir, he did not."

Bailey was then cross-examined only briefly and no new facts were developed.

Before redirect examination was started, the prosecutor announced "we are surprised by this witness's testimony and would like to impeach him." Over objection the court permitted the prosecutor to interrogate Bailey concerning prior conversations with the prosecutor as follows:

BY THE PROSECUTOR:

"Q. Mr. Bailey, do you recall a conversation you had with me today in my office upstairs and isn't it a fact that you told me James told you Gee-Gee[1] was shooting at him in the house?

"A. The bullet holes was (Sic) in the ceiling.

"Q. I am not asking you where the bullet holes were. I am asking you what James Smith told you in the house.

"A. Like I told you in your office, he would have to be flying.

"Q. Just answer me 'yes' or 'no.' Didn't you tell me James said Gee-Gee had shot at him in the house?

"A. Not necessarily at him, man.

"Q. You are saying he didn't say she shot at him in the house?

"A. She shot the gun in the house.

"Q. But you told me in my office, did you not, that she shot at him in the house or that that is what he said?

"A. Something to that effect."

The procedure followed by the State was not proper.

■ It does not appear that the State's case had been "injured" by the witness's testimony. There was a mere failure of expected proof. The State was not entitled to attempt to impeach Bailey. Article 38.28, Vernon's Ann.C.C.P.; 1 Branch's Ann.P.C.2d § 186 at 195–197 (2d ed. 1956) and see Zanders v. State, 480 S.W.2d 708 (1972); Perkins v. State, 433 S.W.2d 712 (Tex.Cr.App.1968); Wall v. State, 417 S. W.2d 59 (Tex.Cr.App.1967); Crandall v. State, 170 Tex.Cr.R. 229, 340 S.W.2d 36 (1960) and Mims v. State, 159 Tex.Cr.R. 180, 261 S.W.2d 727 (1953).

Neither did the prosecutor properly prove that he was surprised. See Zanders v. State, *supra;* Bostick v. State, 363 S. W.2d 474 (Tex.Cr.App.1962); Crandall v. State, 170 Tex.Cr.R. 229, 340 S.W.2d 36 (1960); Thrash v. State, 170 Tex.Cr.R. 97, 338 S.W.2d 447 (1960); Pelton v. State, 167 Tex.Cr.R. 649, 322 S.W.2d 529 (1959) and Apodaca v. United States, 200 F.2d 775 (5th Cir. 1953).

However, we do not find this to be reversible error.

[2] The evidence concerning the shooting incident in Dallas in 1969 was admissible under the provisions of Article 1257a, Vernon's Ann.P.C.[2]

The witness Laird was also present and heard the conversation about which Bailey had testified. Laird said he could not re-

---

1. Gee-Gee was a nickname by which the appellant was known.

2. Article 1257a, V.A.P.C., provides in part:
   "In all prosecutions for felonious homicide the State or the defendant shall be permitted to offer testimony as to all relevant facts and circumstances surrounding the killing and the previous relationship existing between the accused and the deceased, together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the homicide, which may be considered by the jury in determining the punishment to be assessed. . . . "

member who, but someone pointed out the bullet holes. He understood that the appellant had been trying to "scare" her husband when she fired into the ceiling.

The appellant herself testified concerning the shooting incident in the house in Dallas. She said she did not fire at her husband but fired at the ceiling to keep him out of the room.

Considering all of the evidence in this case, including the separate incident in which the appellant had shot at her husband wounding him in the leg, reversible error is not shown. This ground of error is overruled.[3]

The remaining ground of error is that "The trial court erred in denying appellant's first requested instruction to the jury on the issue of intent to kill and aggravated assault."

■ The argument under this ground of error is "Appellant's testimony raises the issues of self-defense, the aid and defense of the children, lack of intent to kill and thereby aggravated assault." We agree that there may well have been evidence raising the issue of self-defense. But no such charge was requested and no objection to the court's charge for such omission was made. The failure to give such charge was not error. See Articles 36.14 and 36.15, V.A.C.C.P.

■ We do not agree that the evidence raised the issue and required a charge on "the intent to kill and aggravated assault," where the means used to inflict the injury was a deadly weapon per se. Article 45, V.A.P.C.; Schulz v. State, 446 S.W.2d 872 (Tex.Cr.App.1969); Davis v. State, 440 S.W.2d 291 (Tex.Cr.App.1969) and Barr v. State, 146 Tex.Cr.R. 178, 172 S.W.2d 322 (1943).

The judgment is affirmed.

Opinion approved by the Court.

3. We are not giving probative value to impeachment testimony.