**Julian LEWIS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57005.**

Court of Criminal Appeals of Texas,
Panel No. 3.

Feb. 6, 1980.

---

Phillip M. Renfro, Crockett, for appellant.

Melvin D. Whitaker, Dist. Atty., Crockett, Robert Huttash, State's Atty., Austin, for the State.

Before DALLY, W. C. DAVIS and CLINTON, JJ.

OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for murder. After a jury trial, punishment was assessed by the trial court at eight (8) years confinement.

The sufficiency of the evidence is not challenged. Appellant was convicted of shooting the deceased, R. H. Smith, outside Hart's Cafe in Grapeland. There were no witnesses to the shooting. Appellant testified in his own behalf and admitted shooting the deceased; however, he stated that he shot at the deceased in self-defense after the deceased pulled a gun on him.

In his first ground of error, appellant contends that the trial court erred in allowing the State to impeach its own witness, Essie B. Walker. Walker was called to testify by the State. Upon direct examination, she stated that on the evening of the shooting she saw appellant's truck and the deceased's car going down a road. She testified that she could not say who was driving each, but that she recognized the cars. She stated that the deceased's car was in front, with appellant's truck behind, and both were going the same direction. She further testified that they did not seem to be going too fast.

After this testimony, out of the presence of the jury, the State claimed "surprise"

and produced a statement signed by the witness, which stated:

"I, Essie B. Walker, live in Grapeland. On the day that R. H. Smith was shot, I was on my way home from church when R. H. Smith (the deceased) passed me in his car, with Julian Lewis (appellant) right behind him, driving fast and real close behind him. It seemed to appear from the speed and closeness of both vehicles that Julian was chasing R. H. . . ."

The trial court allowed the State to impeach the witness by introducing this statement into evidence. The witness denied that she had ever stated the facts as contained in the written statement.

■ It is well settled that a party may not impeach his own witness *unless the witness testifies to facts injurious to that party's case* and the party demonstrates that he was surprised by such testimony. *Hunnicutt v. State*, 523 S.W.2d 244 (Tex.Cr.App.1975); *Brown v. State*, 523 S.W.2d 238 (Tex.Cr.App.1975); *Williams v. State*, 521 S.W.2d 250 (Tex.Cr.App.1975); *Banks v. State*, 510 S.W.2d 592 (Tex.Cr.App.1974). To demonstrate surprise, the party must show prior conversations with or statements by the witness, outside the presence of the jury. *Hunnicutt v. State*, supra; *Brown v. State*, supra; *Williams v. State*, supra; *Banks v. State*, supra. The reason for the requirement of surprise is to prevent a party from calling a witness who the party knows will testify adversely, and then, under the guise of impeachment, adducing the testimony which the party would have hoped to elicit from the adverse witness.

The record is clear that the State made a sufficient showing of surprise when Walker did not testify consistently with her previous written statement. However, our inquiry does not end here.

As stated earlier, in order to justify impeachment of one's own witness, that witness must have testified to *facts injurious to that party.* "It is not sufficient to justify impeachment that the witness merely fails to testify as expected or to remember facts favorable to the party calling the witness." *Wood v. State*, 511 S.W.2d 37 (Tex.Cr.App.1974). In *Brown v. State*, supra, we reiterated:

"It is simply not sufficient to justify impeachment that the witness merely fails to testify as expected or to remember facts favorable to the party calling the witness. *Zanders v. State*, 480 S.W.2d 708 (Tex.Cr.App.1972); *Wood v. State*, supra. It is this point which is not understood by many lawyers."

In *Smith v. State*, 479 S.W.2d 311 (Tex. Cr.App.1972), a murder prosecution, a State's witness testified that the defendant had previously "shot some holes in the ceiling." The witness was asked whether the deceased had indicated that the defendant had been shooting at him (the deceased). The witness responded that the deceased had not so indicated. The prosecutor was then permitted to impeach the witness with a prior statement that the deceased *had* told the witness that the defendant had shot at the deceased.

In reversing this case, we stated:

"It does not appear that the State's case had been 'injured' by the witness' testimony. *There was a mere failure of expected proof.* The State was not entitled to attempt to impeach [their witness]. Article 38.28, Vernon's Ann.C.C.P. 1 Branch's Ann.P.C.2d, § 186 at 195–197 (2d ed. 1956) and see *Zanders v. State*, 480 S.W.2d 708 (Tex.Cr.App.1972); *Perkins v. State*, 433 S.W.2d 712 (Tex.Cr.App.1968); *Wall v. State*, 417 S.W.2d 59 (1967); *Crandall v. State*, 170 Tex.Cr.R. 229, 340 S.W.2d 36 (1960) and *Mims v. State*, 159 Tex.Cr.R. 180, 261 S.W.2d 727 (1953)."

■ In the instant case, as in *Smith v. State*, supra, we cannot say that Walker ever testified to facts *injurious* to the State's case. We fail to see how her testimony, that she saw the two cars, which she recognized, going down the road at the same time, was injurious to the State's case in any way. Rather, the State was confronted with a mere failure of proof, when the witness failed to testify as expected. Thus, we hold that the trial court erred in allowing the State to impeach their witness.

See *Crandall v. State*, 170 Tex.Cr.R. 229, 340 S.W.2d 36 (1960); *Branham v. State*, 130 Tex.Cr.R. 233, 93 S.W.2d 741 (1936); *Hughes v. State*, 100 Tex.Cr.R. 154, 272 S.W. 474 (1925); *Hext v. State*, 100 Tex. Cr.R. 24, 271 S.W. 81 (1925); *Bryan v. State*, 90 Tex.Cr.R. 175, 234 S.W. 83 (1921); *Smith v. State*, 45 Tex.Cr.R. 520, 78 S.W. 519 (1904).

We also note that this written statement signed by Walker was not admissible either to refresh the witness' memory, or as a past recollection preserved only by some memorandum. The witness denied that she had ever made the assertions of fact contained in the statement or that those facts were true. Cf. *Wood v. State*, 511 S.W.2d 37 (Tex.Cr.App.1974).

Having thus concluded that the trial court erred in allowing the State to impeach its witness, we turn now to the question of whether this was reversible error. We must conclude that it was. That appellant shot and killed the deceased was not disputed. Appellant contended that he did so in self defense. There were no witnesses to the offense. Immediately after the shooting, appellant called out for someone to call the police. When a police officer arrived, appellant was standing at the scene, holding his own pistol and rifle which belonged to the deceased. A knife belonging to the deceased was found on the ground at the scene of the shooting. There was testimony that appellant and the deceased had known one another for many years. There was also testimony that the deceased had a bad reputation for violence. Thus the issue of whether appellant acted in self defense was hotly contested. Under these circumstances, we cannot hold that Walker's prior statement, even admitted as impeachment rather than direct evidence, did not harm appellant.

Accordingly, the judgment is reversed and the cause remanded.