**Billy Jack BAGGETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 84 104 CR.**

Court of Appeals of Texas, Beaumont.

May 8, 1985.

See also Tex.App., 691 S.W.2d 779.

Michael Cichowski, Port Arthur, for appellant.

John R. DeWitt, Asst. Crim. Dist. Atty., Beaumont, for appellee.

## OPINION

BROOKSHIRE, Justice.

Appellant was charged originally in the Jefferson County Court at Law # 2 with intentionally and knowingly possessing a package of imported redfish, which was not identified as to its contents. The charging instrument alleged violation of *TEX. PARKS & WILD.CODE ANN. Sec. 66.-201(h)* (Vernon Supp.1985) and *31 T.A.C. Sec. 57.373.* Upon this count, the State proceeded on the remand.

■ Appellant pleaded guilty, stating that it was a voluntary plea and that he knowingly signed the various waivers. His first contention is that House Bill 1000 violated the Texas Constitution because its caption failed to give adequate notice. This alleged error is the same as Appellant's ground of error number one on the first appeal of this case. We overruled this point on the first appeal. *See Baggett v. State,* 673 S.W.2d 908, 911 (Tex.App.— Beaumont 1984, no pet.). Following the "law of the case" doctrine, this contention has already been adversely resolved as to this Appellant. This is a well-recognized

and salutary doctrine. *27 TEX.JUR.3rd, Criminal Law, Sec. 4263* (1983) reads:

"The appellate court's ruling on a question of law raised on a former appeal will be considered as the law of the case in all subsequent proceedings in the same case, unless the ruling was plainly wrong and harmful."

In this case, there was no motion for rehearing or petition to the Court of Criminal Appeals for their discretionary review. There was no new record of the facts made. There is only a transcription of the court reporter's notes on the actual pleas of guilty, subject to a Motion to Quash. There has not been even an attempted showing that our prior decision on this point was clearly wrong. *See Warren v. State,* 523 S.W.2d 237 (Tex.Crim.App.1975); *Gragg v. State,* 152 Tex.Cr.R. 386, 214 S.W.2d 292 (Tex.Crim.App.1948); *Vargas v. State,* 107 Tex.Cr.R. 666, 298 S.W. 591 (Tex.Crim.App.1927); *English v. State,* 87 Tex.Cr.R. 507, 224 S.W. 511 (Tex.Crim.App. 1920); *Betts v. State,* 71 Tex.Cr.R. 204, 159 S.W. 1069 (Tex.Crim.App.1913). The "law of the case" doctrine is a beneficial one. It furnishes a guide for the trial judge upon the remand. Unless it is shown to be clearly wrong and harmful—a two-prong test— neither of which is shown in this case, its review upon a second trial is not admissible. *Lee v. State,* 67 Tex.Crim. 137, 148 S.W. 706 (1912); *Perrett v. State,* 75 Tex. Crim. 94, 170 S.W. 316 (1914). Indeed, if the law of the case was disregarded then trial courts "... would in a great measure be at sea...." *See Gragg v. State, supra,* 214 S.W.2d at page 297.

In this appeal the Appellant's next two contended grounds of error were identical with grounds of error numbers three and four in the first appeal of this case. Respectively, they argued that *31 T.A.C. Sec. 57.371* through *57.375* exceeds the authority granted and delegated to the Parks and Wildlife Commission and for that reason violates *TEX. CONST. art. I, sec. 28* and that *TEX. PARKS & WILD.CODE ANN. Sec. 66.201* (Vernon Supp.1985) and *31 T.A.C. 57.373* violate the due process clause

of the Fourteenth Amendment of the Texas Constitution. Syllabi 5, 6 and 7 of our first opinion have squarely disposed of these contentions adverse to the Appellant. *See Baggett, supra*, at pages 913 and 914.

■ The Appellant's last ground of error, being # IV, asserts that the information simply does not state a cause of action. We find that the information does state a cause of action and comports to *TEX. CODE CRIM.PROC.ANN. art. 21.02(7), arts. 21.03, 21.04, 21.09, 21.11, 21.21, 21.22 and 21.23* (Vernon 1966) and further, as well, that the "law of the case" doctrine is also determinative of this last ground of error.

We affirm the judgment and sentence below.

AFFIRMED.