## APODACA v. UNITED STATES.
### No. 14082.

United States Court of Appeals
Fifth Circuit.

Jan. 14, 1953.

Rehearing Denied Feb. 18, 1953.

776

Wm. C. Orchard, New Orleans, La., Coyne Milstead, William H. Fryer and George Rodriguez, El Paso Tex., for appellant.

Francis C. Broaddus, Jr., Holvey Williams, Assts. U. S. Atty., El Paso, Tex., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and RIVES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a conviction on all five counts of an indictment charging appellant with receiving and possessing property stolen from interstate commerce, in violation of Title 18, § 659, U. S. Code. He relies principally on an alleged error of the court in refusing to enter a mistrial due to the conduct of the prosecution in at-tempting to impeach Victor Diaz, one of its own witnesses. The facts are as follows:

An agent of the Federal Bureau of Investigation, testifying for the government, identified certain shirts that he had obtained from another government witness by the name of Frank Hourik. The latter testified that he, Hourik, had purchased these shirts from Victor Diaz. Diaz, also testifying for the government, admitted the sale of the shirts to Hourik, but insisted that he, in turn, had purchased them from a man named Julio Gonzalez, and not from the appellant, Victor Apodaca, as counsel for the government had expected him to testify.

Confronted with this unexpected situation, the government briefly examined the witness further, and then, out of the hearing of the jury, pleaded surprise and requested permission to impeach the witness by proving his prior contradictory statements. The court granted the request, and Diaz was interrogated by the prosecution for this purpose only. The witness repeated his statement that he had purchased the property from Gonzalez, and admitted that his prior statement to federal agents, to-wit, that he had bought the shirts from appellant, was untrue; that he had made this false statement in a spirit of anger toward appellant, whom he believed at the time to be an informer. Counsel for the prosecution, as a further basis for requesting impeachment, informed the court that Diaz, on a previous trial, had introduced a signed statement made by him to the effect that the shirts had been received by him from Apodaca. Government counsel also informed the court that, due to his uncooperative attitude, Diaz had not been interviewed immediately prior to the trial. The court ruled that the government might prove by the witness only that he had made the written statement declaring that appellant had delivered the shirts to him, to which counsel for appellant objected.

The jury were recalled, and the court repeated its warning that the inquiry must be limited to the written statement made by Diaz. After a brief examination by the prosecution, and cross-examination by

counsel for appellant, the court instructed the jury that this testimony was not to be construed even as circumstantial evidence of the appellant's guilt, but was admitted solely for the purpose of impeaching the credibility of the witness.

It is a settled rule that impeachment of a witness may be resorted to where his testimony has surprised the party offering him, so long as the surprise is genuine. The impeachment, however, must be restricted to the point of surprise, and must not proceed further than the purpose for which it is admitted, i. e., removal of the damage resulting from the surprise. The court may permit the testimony to remain in the record if the jury are adequately instructed not to consider it for any purpose except the removal of the damage already done. Young v. United States, 5 Cir., 97 F.2d 200, 117 A.L.R. 316; Id., 5 Cir., 107 F.2d 490; Culwell v. United States, 5 Cir., 194 F.2d 808.

■ We are unable to agree that the methods used by the government in impeaching the witness were improper or were designed to present otherwise inadmissible testimony. There are no substantial facts indicating that the government could have foreseen the hostility of the witness, or that the witness would contradict his prior written statement. The court adequately instructed counsel and the jury as to the proper office of impeachment testimony, both at the time of introduction and in its final charge. It appears that if any damage was done by the testimony, such damage was to the prosecution as a result of appellant's attempts on cross-examination to discredit the methods of federal agents in securing the prior statement.

■ On the day following impeachment of the witness Diaz, appellant presented to the court a written motion for a mistrial, to which was attached the front page of an El Paso morning newspaper containing an account of the arrest of Diaz for perjury in denying receipt of the stolen property from appellant. Appellant orally informed the court that similar accounts had been broadcast over the El Paso radio stations. The court overruled this motion, and denied a request by appellant that the jurors be interrogated relative to their knowledge of the radio and newspaper reports, but instructed the jury not to read any articles or listen to radio reports in connection with the case, and further instructed them, in case such reports had already reached the jury, that they should not be considered for any purpose.

It appears from the record that, during the United States Attorney's argument to the jury, he announced that Julio Gonzalez was available to testify if the defense desired to call him. This is denied by the prosecution, which claimed that this remark was made prior to the argument to the jury. On objection by the defense, the court instructed the jury to disregard that statement. Subsequently, the government requested permission to introduce Gonzalez in rebuttal of the evidence for appellant, which the court denied; and appellant renewed his motion for a mistrial.

■ If the prosecution had merely announced the availability of the witness Gonzalez, and gone no further, it could be assumed that the motive was to discredit and prejudice the defense by *inuendo* or insinuation, but the fact that the government went further and asked for permission to introduce him as its own witness eliminated any suspicion as to improper intention; and the appellant was protected by the court's prompt instruction.

Appellant contends that the court erred in refusing to charge the jury as to an alibi, but we think there was not sufficient evidence of an alibi to require such a charge, and that the court was correct in refusing to do so. The court throughout the trial dealt firmly and impartially with each issue as it arose, fairly instructed the jury on all issues, and we think committed no reversible error.

Affirmed.