**H. J. HOOKS, Jr., Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 23484.**

United States Court of Appeals
Fifth Circuit.

March 30, 1967.

Rehearing Denied May 18, 1967.

Wisdom, Circuit Judge, dissented.

Marvin O. Teague, John Dyer Carlisle, Houston, Tex., for appellant, on appeal only.

James R. Gough, Asst. U. S. Atty., Houston, Tex., Richard M. Roberts, Act. Asst. Atty. Gen., Lee A. Jackson, Joseph M. Howard, Attys., Dept. of Justice, Washington D. C., Morton L. Susman, Woodrow Seals, U. S. Attys., Ronald J. Blask, Asst. U. S. Atty., Houston, Tex., for appellee.

Before WISDOM, COLEMAN and GODBOLD, Circuit Judges.

GODBOLD, Circuit Judge.

Defendant has appealed from a conviction on two counts of violation of 26 U.S. C.A. § 7206(1),[1] relating to income tax returns for 1958 and 1959.

Defendant operated a small business as a sole proprietorship, selling at wholesale cigarettes, candy, gum and miscellaneous small items. A witness Doby was called by the government in an effort to prove purchases of cigarettes from defendant during a part of 1958. He denied making such purchases. The government, claiming surprise, sought to impeach him by an affidavit which he had given an Internal Revenue agent September 24, 1962, and the court, after finding that there was surprise, allowed introduction of the affidavit for that limited purpose. On the record here that was reversible error.

Doby testified outside the presence of the jury that on January 4,

1. § 7206. Fraud and false statements
Any person who—
(1) Declaration under penalties of perjury.—Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter;

\* \* \* \* \*

shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $5,000, or imprisoned not more than 3 years, or both, together with the costs of prosecution. Aug. 16, 1954, 9:45 a. m., E.D.T., c. 736, 68A Stat. 852.

1966, sixteen days before the trial, he was interviewed by government counsel and had then told the government attorney that he had done no business with defendant during the period, that he had signed the affidavit without reading it and while confined with pneumonia, and that he repudiated it. Neither the government attorney, nor another person stated by the government to have been present at the January 4 interview, testified (nor did the government attorney even unequivocally state to the court) that Doby's version of it was incorrect. The opportunity of the trial court to observe the demeanor of witnesses and counsel must be given significant weight, Journeymen Plasterers' Pro. & Ben. Society of Chicago v. N. L. R. B., 341 F.2d 539 (7th Cir., 1965) and Stevens v. United States, 256 F.2d 619 (9th Cir., 1958), but in determining whether there was surprise it does not alone serve as a substantive evidentiary basis to contradict the otherwise uncontroverted statement of the witness of what happened at the interview.[2] Insofar as the record shows the government offered a witness whose testimony it knew in advance was adverse, and then sought to use him to get his affidavit before the jury. This it may not do. Apodaca v. United States, 200 F.2d 775 (5th Cir., 1933); Fontaine v. Patterson, supra. Young v. United States, 97 F.2d 200, 117 A.L.R. 316 (5th Cir., 1938) points out the best practice, that the party which has shown surprise

be permitted to withdraw the witness and the testimony. Here, although the government had not proved surprise it still made no effort to withdraw but insisted upon Doby's testimony.

Although the sales referred to in the affidavit of Doby were only a small part of the sales allegedly unreported for the year, we are unable to say that the testimony was not prejudicial to the defendant.[3] The fact that there was testimony as to other and unrelated sales was all the more reason for the government to withdraw Doby's testimony rather than to go forward with it. We reverse as to Count One.

We have reviewed the charge to the jury and find that it fully and correctly covered each element of the offense as charged in the indictment.

The other contentions made by the defendants have been considered and are wholly without merit.

Reversed as to Count One, affirmed as to Count Two.

WISDOM, Circuit Judge (dissenting).

I respectfully dissent. (1) The trial judge limited the use of Doby's affidavit to impeachment purposes only and repeated this limitation in his charge to the jury. Before reading the affidavit into the record, the United States Attorney cautioned the jury, "We offer [the affidavit] limited only to impeachment of this witness." (2) The amount

---

2. See Fontaine v. Patterson, 305 F.2d 124, 130 (5th Cir., 1962), where we reversed after finding that "there was no effort in this record to show that [the witnesses'] * * * testimony, adverse as it was to the Government, was an actual or even legal surprise." In Wheeler v. United States, 93 U.S.App.D.C. 159, 211 F.2d 19, 25 (1953), cert. denied 347 U.S. 1019, 74 S.Ct. 876, 98 L.Ed. 1140 (1954), the court defined the scope of review by observing "the trial court's ruling on 'surprise' may not be disturbed unless it plainly apears that the ruling is without any rational basis." Where there is no actual evidence in the record that the prosecution was surprised, and uncontroverted testimony that it knew 16 days before trial that the witness would not tes-

tify in accordance with his earlier statement, we feel there is error. Where the record contains evidentiary support for a finding of surprise, we have consistently respected the finding. Pinder v. United States, 330 F.2d 119 (5th Cir., 1964); Thomas v. United States, 287 F.2d 527 (5th Cir.), cert. denied, 366 U.S. 961, 81 S.Ct. 1923, 6 L.Ed.2d 1254 (1961); Young v. United States, 107 F.2d 490 (5th Cir., 1939).

3. Where the defendant sustains no injury from improper impeachment of a prosecution witness, no reversible error exists. E. g., Bushaw v. United States, 353 F.2d 477 (9th Cir. 1965), cert. denied, 384 U.S. 921, 86 S.Ct. 1371, 16 L.Ed.2d 441 (1966).

of unreported sales to Doby was $353.88 of the total understatement of $28,266.99. (3) The record shows overwhelming evidence of the defendant's guilt. In these circumstances and recognizing the superior position of a trial judge to determine the effect of the incident on the jury, I would say that the trial judge did not abuse his discretion in allowing the limited admission of Doby's affidavit.