WILEY WILLIAMS v. THE STATE.

No. 1583.   Decided December 1, 1897.

**Local Option—Indictment.**

An indictment for violation of local option to be sufficient must allege that the sale took place in the prohibited territory in which local option was in force. To simply allege that the sale took place "in the justice of the peace number one" is insufficient.

APPEAL from the District Court of San Saba.   Tried below before Hon. W. M. ALLISON.

Appeal from a conviction for violation of local option, penalty assessed being a fine of $25 and twenty days imprisonment in the county jail.

A motion to quash the indictment was overruled.

No statement required.

*Burleson & Meek* and *T. O. Woldert,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Conviction for violating the local option law. It appears from the record that an election had been held in justice precincts Nos. 1 and 4 to determine whether or not the sale of intoxicating liquors should be prohibited in said precincts; that said election resulted in favor of prohibition; that the result had been ascertained and published, and the sale prohibited, by the proper officials of that county. The indictment, to be sufficient, must allege that the sale took place in the prohibited territory—that in which local option was in force. This is absolutely essential. This indictment fails to do this. It simply alleges that the sale took place "in the justice of the peace number one." We can not tolerate such pleading. The indictment is defective, and the judgment is reversed, and the prosecution ordered dismissed.

*Reversed and ordered dismissed.*