Tom Floyd v. The State.

No. 13799. Delivered March 18, 1931.

The opinion states the case.

*Grover C. Lowe,* of Woodville, and *R. M. Briggs,* of Kountze, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, Judge.—Conviction is for murder; punishment, ten years in the penitentiary.

On the day of the homecide, appellant and deceased were seen riding together in a car, appellant driving. The car was seen to suddenly leave the road and run down an embankment and against a stump before it stopped. Deceased was seen either to fall out or jump out of the car when it left the road. He was laying on the road when the car stopped against the stump. He got up and went to the car and as appellant got out of the car, they got into an altercation, during which time about five shots were fired by appellant, some of which struck the deceased and he fell. Appellant went up the embankment to where the State's witnesses, who had witnessed the transaction, were in the road. The deceased,

dragging himself through some brush, followed appellant. Appellant went off down the road and deceased followed him. The eye witnesses then drove off. Appellant went on down the road and there met a party who carried him to town. Appellant stated to the party that carried him to town that he had just had a shooting scrape and that he was afraid of the man and that he did not want to go in the direction where he had left him. Deceased was found a short time afterwards laying in the road dead.

As we gather from appellant's contention based on his bills of exception Nos. 1 and 2, it is his contention that the transfer papers from the several courts did not show jurisdiction in the trial court, it being contended that no order was shown in the 58th Judicial District transferring the case to the Criminal District Court of Jefferson County and by reason thereof, no jurisdiction was shown in the trial court. Appellant seems to base his reason for this upon the failure of the record to show an order of the court transferring the case, the record only showing that the clerk of the court made the order. The offense was alleged to have been committed in May, 1926, in Hardin county, Texas. It seems that a trial in that county resulted in a mistrial. The venue was changed from the district court of Hardin county to the district court of Jefferson county, the 58th judicial district. From that court transfer was made to the criminal district court of Jefferson county and from that court to the district court of Tyler county, where the trial was had, resulting in a conviction and from which this appeal is made. By an act in 1929 (Acts 41st Leg., c. 170), the legislature created the criminal district court of Jefferson county, which act became Art. 52-160, Vernon's Ann., C. C. P., Sec. 14 of said act provides: "From and after the taking effect of this Act, the District Courts of Jefferson County as now constituted, shall be, and they are hereby deprived and divested of all jurisdiction in all criminal cases, and of all jurisdiction given the Criminal District Court of Jefferson County by this Act, and all criminal cases pending in said District Courts at the time of the taking effect of this Act, and all matters pertaining to criminal cases pending therein over which the Court herein created is given jurisdiction, shall be, by the Clerk of the District Courts transfererd to and entered upon the docket of said Criminal District Court, and when so entered upon the docket, the judges of said Criminal District Court shall try and dispose of same in the same manner as if such cases were originally instituted therein." This act made it the duty of the clerk to make the transfer, as he did in this case. Therefore there was no order ncessary by the court itself. The record shows jurisdiction in the trial court and there was no error in overruling appellant's contention as to the jurisdiction.

Appellant by bills of exception Nos. 3 to 12, inclusive, objected to the introduction of the several orders and transcript showing the several

changes of venue, on the ground that the same was inadmissible, immaterial, irrelevant and prejudicial and because the judge presiding at this trial was the same judge who made the orders of transfer in said cause and personally, as well as judicially, knew about the transfer and orders and papers embraced in said transfer, because the introduction of such transcript of transfer would naturally tend to and did lead the jury to believe and become convinced that this was a bad case, that the same had been transferred from the county in which the offense was alleged to have been committed to the county of Jefferson and from said county to the county of Tyler, which objection was by the court overruled and said record of transfer admitted in evidence. We find in the statement of facts the entire transcript of the proceedings in the transfer of this case from Hardin county to Jefferson county and from Jefferson county to Tyler county, consisting of some thirty pages. In the case of Tyson v. State, 14 Texas App., 388, where transcripts of a like character and kind to this were offered in evidence, Judge Willson said in part: "This evidence, we think, was clearly irrelevant, and inadmissible for any purpose. It did not prove or tend to prove any issue in the case (Obert v. Landa, 45 Texas, 539), and its only effect could be to prejudice the minds of the jury against the defendant. Whether it had this effect or not, it is unnecessary for us to inquire. It being incompetent evidence, and having been admitted over defendant's objections, it will be presumed to have prejudiced him. A defendant in a felony case is entitled to the verdict of a jury upon competent testimony alone." Citing Draper v. State, 22 Texas, 400; Preston v. State, 4 Texas App., 186; McKnight v. State, 6 Texas App., 158; Somerville v. State, 6 Texas App., 433.

Again in the case of Shamburger v. State, 24 Texas App., 456, 6 S. W., 540, where over appellant's objection the district attorney read in evidence to the jury the order of the district court of Hunt county changing the venue to Kaufman county, this court held it was error because it was the province and duty of the court alone to determine the question of the jurisdiction of the district court of Kaufman county to try and determine the case, and holding further that "the fact in issue was the guilt of the defendant of the crime with which he was charged, and the order changing the venue in the cause in no way related to that issue, and it tended in no degree to prove or disprove said issue."

In the case of Moore v. State, 46 Texas Crim. Rep., 54, 79 S. W., 565, Judge Davidson, in passing upon a similar question, reaffirmed the ruling as laid down in the Tyson and Shamburger cases, supra.

Under these decisions the decrees, judgments and proceedings entered in this cause in Hardin and Jefferson counties in regard to changing the venue were inadmissible and prejudicial to the appellant and therefore their admittance in evidence was reversible error.

Bill No. 13 relates to the State's interrogating its witness Hermes as

to statements made at a former trial. The bill is qualified to show that the State was permitted to ask such question because of the surprise then being given by said witness. Where a witness has once testified, the party introducing him has a right to suppose that he will swear to the same facts on the present trial and upon failure to do so may inquire of the witness as to what different facts he had sworn to on a former occasion for the purpose of showing surprise at the testimony or for the purpose of refreshing the memory of the witness. White v. State, 10 Texas App., 397; Bennett v. State, 24 Texas App., 73, 5 S. W., 527, 5 Am. St. Rep., 875; Blake v. State, 38 Texas Crim. Rep., 377, 43 S. W., 107.

A number of bills of exception are reserved by appellant to the introduction of testimony showing the previous relations existing between appellant and the wife of deceased prior to the homicide. Where the State's theory, as it was in this case, is that appellant and the wife of deceased were criminally intimate, and that appellant killed deceased to get him out of the way, it is not error to admit proof of such intimacy, and the testimony was admissible to show the relationship existing between the parties and a motive on the part of appellant to get deceased out of the way. Anderson v. State, 53 Texas Crim. Rep., 341, 110 S. W., 54; Millner v. State, 75 Texas Crim. Rep., 22, 169 S. W., 899.

There are a number of bills to the action of the court in permitting the State to prove by several witnesses as to how the deceased acted towards and treated his wife. The bills further show that the defendant had in behalf of his defense proven threats, communicated and uncommunicated, on the part of deceased against the life of appellant. The bills also show that the former wife of deceased while testifying in behalf of appellant had testified to specific acts of cruelty and mistreatment of her by deceased. The evidence shows that appellant had married the wife of deceased since the killing and only a short time thereafter, and that she testified in behalf of the appellant. The appellant having gone into specific acts on the part of deceased as to his treatment of his wife during the time they were living together, we do not believe that it was reversible error to permit the State in rebuttal to show how the deceased and his wife conducted themselves as to each other during their marriage.

There are other bills of exception complaining of happenings during the trial which it is not necessary for us to discuss, as they are not likely to occur on another trial of this case.

For the error pointed out, the judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.