## MACK MARTIN V. STATE.

No. 24063. June 2, 1948.
Rehearing Denied (Without Written Opinion) October 13, 1948.

Hon. J. R. Black, Sr., Judge Presiding.

*Frank Sparks,* of Eastland, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted on a charge of swindling and sentenced to two years in the state penitentiary.

The appeal makes no attack on the sufficiency of the very involved facts in the case to support the conviction. Consequently, it will not be necessary to discuss the evidence further than that which pertains to the three issues raised by the appeal, which are as follows:

"(1) That error of the court in refusing the Defendant's requested charge No. 1 (Tr. p. 11-12) which requested charge embodied the Defendant's theory of defense.

"(2) The error of the District Attorney in his argument be-

fore the jury as shown in Defendant's bill of exception No. 2 (Tr. p. 16).

"(3) The reversible error committed by the court in permitting testimony over objection as shown by bill of exception No. *2*."

The requested charge referred to under the first complaint asked that the jury be instructed that if they found from the evidence that the defendant and Joe Sharrock had an agreement to the effect that Joe Sharrock was to furnish the money in question for the purchase of a shoe shop machine, and that such money charged in the indictment was acquired pursuant to such agreement, that they should acquit the defendant.

In our opinion this charge was properly refused, though a pertinent issue in the case, because the court definitely and fairly charged the jury on the subject in the following quoted paragraph.

"You are instructed that if you find from the evidence that the Defendant and Joe Sharrock had an agreement to the effect that Joe Sharrock was to furnish the money in question for the purchase of a shoe shop machine and that such money charged in the indictment was acquired and used pursuant to such agreement, or if you have a reasonable doubt thereof you will acquit the Defendant and say by your verdict not guilty."

Appellant's Bill of Exception referred to as No. 2, and beginning on page 16 of the transcript, complains of the argument in the form of a series of statements made by the district attorney to the jury. Many of the objections made to such argument were sustained by the court and the jury was instructed not to consider the argument.

The basic statement made by him, which would seem to be the most objectionable, referred to the father of the appellant who was called by the State as a witness. The false representation alleged to have been made by the appellant to the prosecuting witness was that he had given a check for $972.25 on the bank at Rising Star for the purchase of some machinery in which the witness' husband had an interest and that unless he could get the money to take up the check that day it would be returned. She got the money, gave it to him in cash for the purpose of taking up the check. Defendant and his father were interested in a shoe repair business and boot shop in Rising Star. They had become dissatisfied with the association and

the son purchased the boot making machinery for the stipulated amount of $1,000.00. The State proved by the bank that no such check was in the bank at the time alleged. The father had testified before the grand jury and it seems to be a settled fact that his son had purchased such machinery at the price of $1,000.00, but nothing was said about his having received a check. On the witness stand, on cross-examination by the defendant, he admitted having the check at the time the representation was made to the prosecuting witness but said he had not placed it in the bank for collection because he knew the son did not have the money there at that time. When the defendant secured the money he paid his father for the machinery in cash and withdrew his check without letting it go through the bank.

The district attorney asked his witness why he did not tell the grand jury that he had the check. The father admitted he had not told the grand jury, but said it was because he was not asked about the check. This was the basis of the argument, a part of which is supported by such evidence. Other statements made in argument were improper. They were withdrawn by the careful trial court and we do not think they were of such nature as to require a reversal, in view of the court's action. There was nothing inflammatory about them and they brought into the case no new material fact.

If we are able, under the prepared transcript as we find it, to recognize the bill of exception referred to by the third complaint above listed, it is on page 19 of the transcript and consists of an objection to the admission of the evidence of the prosecuting witness about some machinery which her husband had, and whether or not it was War Assets machinery. The objection was that the testimony would be hearsay and the opinion of the witness, that it was immaterial, not supported by any allegation in the indictment. We concur in that it was either hearsay or the opinion of the witness and was immaterial. Neither was it supported by any allegation in the indictment. On the other hand, we are unable to find any purpose in the evidence, or that it played any part whatsoever in favor of the prosecution. Such being the case, it is not considered reversible error.

Appellant's brief has exhaustively treated the questions herein discussed and the thoroughness of it is always appreciated by the Court. It is our conclusion, however, that no reversible error is shown and the judgment of the trial court is affirmed.