Walter Ray WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 49733.

Court of Criminal Appeals of Texas.

April 9, 1975.

R. L. Whitehead, Jr., Longview, for appellant.

Donald R. Ross, County Atty., and David P. Brown, Asst. County Atty., Henderson, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

The conviction is for burglary with intent to commit theft; the punishment, assessed by the jury, ten years' imprisonment.

The sufficiency of the evidence is not challenged.

Three persons were present at the scene of the burglary; the appellant, Robert Wilson, and W. A. Gross. Gross, on the day after the burglary, signed a statement implicating all three in the offense. At trial, Gross, who was called by the State, testified that he and appellant took no part in the burglary, and that the appellant ran away from the scene upon discovering Wilson's intention to burglarize Osburn's Meat-O-Rama. The State then offered

Gross' statement for the purpose of impeachment, claiming surprise.

Appellant's only contention is that the court erred in admitting Gross' statement, urging that the State did not sufficiently show surprise.

 A party may not impeach his own witness unless the witness testifies to facts injurious to that party's case and the party demonstrates that he was surprised by such testimony. Banks v. State, Tex.Cr.App., 510 S.W.2d 592, Zanders v. State, Tex.Cr. App., 480 S.W.2d 708, Smith v. State, Tex. Cr.App., 479 S.W.2d 311, Wall v. State, Tex.Cr.App., 417 S.W.2d 59.

To demonstrate surprise, the prosecutor must show prior conversations with the witness or prior statements, outside the presence of the jury. Norwood v. State, Tex.Cr.App., 486 S.W.2d 776, Perry v. State, Tex.Cr.App., 464 S.W.2d 660, Thrash v. State, 170 Tex.Cr.R. 97, 338 S. W.2d 447, Pelton v. State, 167 Tex.Cr.R. 649, 322 S.W.2d 529. The reason for the requirement of surprise is to prevent a party from calling a witness who the party knows will testify adversely, and then, under the guise of impeachment, adduce the testimony which the party would have hoped to elicit from the adverse witness. Cherb v. State, Tex.Cr.App., 472 S.W.2d 273. The only showing of surprise in the instant case is the following exchange:

"THE COURT: Well, the question is, before this witness was called to the stand, did you have any knowledge of this particlar testimony that he was going to give?

"[Prosecutor]: I had none whatsoever, Your Honor."

It is not sufficient for the party to merely claim that he has been surprised. Banks v. State, supra. Further, on the day Gross testified, before his appearance in court, he tore up his statement in the presence of the prosecutor. The prosecutor also tried twice to call Gross as an "ad-verse witness", indicating a knowledge of what that testimony might be. We do not feel that there was a sufficient demonstration of surprise.

The State argues that even if error were committed in the admission of Gross' statement, the error was harmless in that the jury was charged to consider Gross' statement for the purposes of impeachment only. In the absence of Gross' statement, the only evidence linking appellant to the offense was his billfold found on the dashboard of the pickup truck used in the burglary and the testimony of a police officer that someone who looked like the appellant fled the scene upon the arrival of the police. Under these circumstances, the admission of Gross' statement, which told how appellant and Wilson broke into Osburn's Meat-O-Rama and loaded the pickup with meat while Gross watched for the police, cannot be considered harmless error, even in light of the court's limiting instruction.

The judgment is reversed and the cause remanded.

Opinion approved by the Court.