Charles Waverly SWEENEY,
Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. B14–83–500–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 14, 1984.

Edwin Fitzgerald, Houston, for appellant.

Calvin Hartmann, Asst. Dist. Atty., Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Charles Waverly Sweeney, Jr., appeals from a judgment of conviction of burglary of a habitation with two prior felony convictions proven for enhancement. After trial, the jury found appellant guilty and the court made a finding that appellant had been convicted of two prior felonies. Appellant was sentenced to the Texas Department of Corrections for life. We affirm.

Ground of error one contends that the trial court erred in refusing to allow appellant to impeach the credibility of his own witness. During trial, appellant called Cornelia Cox, a resident of the apartment complex in which the burglary occurred, to rebut the testimony of the state's sole eyewitness, Laverne Witt, the apartment manager.

Ms. Witt had testified at trial that upon learning that suspicious people were on the premises between 1:00 and 2:00 p.m. that day, she went to a vacant apartment and watched them. She saw appellant and two other men around a car. She watched for about fifteen minutes, and the men left. About 4:00 p.m. the same day, she again saw the men on the premises. She said she left her office, walked through a courtyard, and saw the men, one of whom was appellant, carrying something out of an apartment under a quilt. Upon realizing he had been discovered, appellant got into the car, drove around a maintenance vehicle blocking the driveway, and fled the scene.

Ms. Witt returned to apartment 171, where she observed a broken window pane and a partially open door. She saw the quilt-covered object that she had seen appellant and another man carrying located beneath a stairwell across from the apartment. The object that was covered by the quilt was a television set.

On direct examination, Ms. Cox testified that she had seen a quilt-covered television set under an exterior stairway at the complex and had wondered how it got there. She talked to a neighbor, Ms. Murray, but before she could contact anyone else about it, Ms. Witt and several others summoned her out of her apartment.

Following Ms. Cox's testimony, appellant moved to be allowed to impeach her with a prior inconsistent statement recorded by his investigator, because of surprise and injury to his case. The trial court denied the motion, and appellant offered the transcript of a tape recorded conversation as a bill of exception.

The transcript of the statement given to the investigator showed that Ms. Cox had previously said that she had told Ms. Witt about the television set, and that Ms. Witt had been surprised because she did not know the apartment had been burglarized. Appellant wanted to solicit this testimony on direct examination of Ms. Cox in order to rebut Ms. Witt's assertion that she was an eyewitness to the burglary.

Before a party is allowed to impeach his own witness, he must establish the proper predicate by showing not only that the testimony has surprised, but also that it is injurious to his case. *Puckett v. State,* 640 S.W.2d 284 (Tex.Crim.App.1982). To show injury "[i]t is not sufficient that the witness merely fails to testify as expected or remember facts favorable to the calling party. If the calling party has offered no evidence to prove a relevant fact, it cannot be said that the witness, through denial of the existence of such fact, has by such denial stated facts injurious to the calling party's cause." [citations omitted]. *Goodman v. State,* 665 S.W.2d 788 (Tex. Crim.App., 1984).

The witness in our case was for rebuttal only. Appellant offered no evidence that Ms. Witt was not an eyewitness to the burglary. Ms. Cox's failure to testify to her previous statement did not state facts injurious to appellant's case.

The trial court did not err in refusing to allow appellant to impeach his own witness. We overrule ground of error one.

In ground of error two, appellant argues that the trial court erred by not allowing him to refresh a witness' memory with a prior statement. Nothing in the record indicates that appellant ever requested that the trial court let him refresh Ms. Cox's memory with her prior statement. He merely made repeated attempts to impeach her. Nothing is preserved for review. *See Phillips v. State,* 511 S.W.2d 22 (Tex.Crim.App.1974). We overrule ground of error two.

Accordingly, we affirm the judgment of the trial court.