Charles Waverly SWEENEY,
Jr., Appellant,

v.

The STATE of Texas, Appellee.

No. 848–84.

Court of Criminal Appeals of Texas,
En Banc.

Nov. 20, 1985.

Edwin Fitzgerald, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and James C. Brough and Donald A. Smyth, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

WHITE, Judge.

The appellant was tried in Harris County before a jury and convicted of the offense of burglary of a habitation. See V.T.C.A., Penal Code § 30.02. At the punishment phase of his trial, the jury found allegations of two prior convictions to be true, and punishment, after enhancement, was assessed at confinement for life in the Texas Department of Corrections. The appellant appealed his conviction to the Houston Court of Appeals alleging two grounds of error. The Court of Appeals affirmed his conviction in a published opinion. See *Sweeney v. State*, 681 S.W.2d 150 (Tex. App.—Houston [14th Dist.] 1984). No request for rehearing was made. The Court of Appeals held that the trial court was correct in not allowing the appellant to impeach his own witness.

The appellant has petitioned this Court for discretionary review, and urges this Court to find that it was reversible error for the trial court to refuse to allow him to impeach his own witness.

A brief discussion of the facts is necessary to fully appreciate the nature of the appellant's claim. The appellant was con-

victed of a burglary, which occurred in an apartment complex in Houston, Texas on July 19th. The manager of the apartment complex on that date was Mrs. Laverne Witt. Mrs. Witt testified that on that day at approximately 1:00 to 2:00 p.m., she was alerted to the presence of some persons within the complex who were not known to her. She watched these people, apparently working on an automobile, for approximately 15 minutes before they left. These people were described as a young man of hispanic descent, a young woman, and the appellant.

Mrs. Witt further testified that she again saw these same three people in the apartment complex at approximately 4:00 p.m. She stated she was leaving her office when she saw the appellant and the young hispanic man carrying something, which was wrapped in a quilt, out of one of the apartment units. When the appellant and his companion realized they had been discovered, the appellant got into his vehicle and fled from the scene. Mrs. Witt then returned to the apartment from which the men had taken the object and saw that a window pane had been broken and the door was partially open. She also states that she saw the quilt-covered object, which later turned out to be a television set sitting under the stairway. Mrs. Witt was the state's only eye-witness to the crime.

The appellant called Mrs. Cornelia Cox to the stand. Mrs. Cox is an elderly woman who resides at the apartment complex. Under direct examination, Mrs. Cox testified that she had seen a quilt-covered television set under an exterior stairway at the complex and wondered how it had gotten there. She said that shortly after seeing the television set, Mrs. Witt and several other people called her from her apartment. While some conversation took place, Mrs. Cox could remember no substantial details. She did not say that she had reported the incident to Mrs. Witt or that Mrs. Witt was surprised to see the television set. She said nothing about Mrs. Witt being unaware of the burglary in question. In short, she said nothing that was in conflict with Mrs. Witt's testimony.

Following Mrs. Cox's testimony, appellant moved to be allowed to impeach her with a prior inconsistent statement which had been recorded by his investigator. The trial court denied the motion, and the appellant offered the transcript of a tape recorded conversation as a bill of exception.

The importance of all this lies in the fact that the transcript of the statement given to the investigator showed that Mrs. Cox had previously said that she *had* informed Mrs. Witt of the presence of the television set and that Mrs. Witt, far from having seen it herself after she had observed the men removing it, was in fact also surprised by its presence on the walkway. Therefore, the appellant wanted to elicit this testimony on direct examination of Mrs. Cox in order to cast doubt on the credibility of Mrs. Witt's claim that she had been an eye-witness to the burglary.

The limited right of a party to impeach his own witness is allowed by virtue of Art. 38.28, V.A.C.C.P., which states:

"A party may, when testimony of his own witness is injurious to his cause, attack the testimony in any other manner except by offering evidence of the witness' bad character."

It is well settled, however, that before a party or his attorney is allowed to impeach his own witness, he must establish the proper predicate by showing both that the testimony has surprised him and also that it has injured his cause. See e.g., *Goodman v. State,* 665 S.W.2d 788, 791 (Tex.Cr. App. 1984); *Puckett v. State,* 640 S.W.2d 284, 287 (Tex.Cr.App.1982); *Dove v. State,* 623 S.W.2d 346, 348 (Tex.Cr.App.1981). See also *Brown v. State,* 523 S.W.2d 238, 241 (Tex.Cr.App.1975)(court discussed confusion among attorneys with regard to the rule at the time opinion is written—states rule with emphasis).

To demonstrate surprise, the party must show prior conversations with, or statements made by the witness, in a hearing before the court and outside the presence of the jury. See *Puckett,* supra, at 287; *Dove,* supra, at 349; *Hunnicutt v. State,*

523 S.W.2d 244 (Tex.Cr.App.1975). It is not sufficient to merely allege an unsubstantiated claim of surprise, but rather testimony from the party's counsel, or some person with knowledge of the prior inconsistent statement is required. See *Brown v. State*, 523 S.W.2d 238, 242 (Tex.Cr.App. 1975); *Banks v. State*, 510 S.W.2d 592, 594 (Tex.Cr.App.1974); *Pelton v. State*, 167 Tex.Cr.R. 649, 322 S.W.2d 529, 530 (1959).[1]

Furthermore, it is not sufficient to justify impeachment that the witness fails to testify as expected to, or remembers facts in a light unfavorable to the party calling the witness. See *Brown v. State*, supra, at 242; *Puckett v. State*, supra, at 287. Also, prior knowledge of the substance of a witnesses' testimony on the part of the party calling the witness will also preclude impeachment. See *Wall v. State*, 417 S.W.2d 59 (Tex.Cr.App.1967). The purpose of the rule requiring a showing of surprise is to prevent a party from calling a witness who the party knows will testify adversely to such party and then, under the guise of impeachment or cross-examination, present before the jury evidence which the party would have hoped to elicit from the adverse witness. *Cherb v. State*, 472 S.W.2d 273, 278 (Tex.Cr.App.1971).

■ In this case counsel for the appellant adequately met the requirement of the predicate with regard to a showing of surprise. There was a hearing outside the presence of the jury in which he testified as to substance of the prior inconsistent statements made by his witness.

■ However, the appellant had called the witness, Mrs. Cox, as a rebuttal witness. The appellant in this case offered no evidence to show that the state's only eyewitness was lying about witnessing the burglary, or was not actually a witness to the crime. If the calling party has offered no evidence to prove a relevant fact, it cannot be said that the witness, through the denial of the existence of such fact, has by such denial stated facts injurious to the calling party's cause. See *Goodman v. State*, 665 S.W.2d 788, 792 (Tex.Cr.App. 1984); *Houston v. State*, 626 S.W.2d 43, 46 (Tex.Cr.App.1982). This is clearly the situation in the instant case.

The appellant readily admits that he was hoping that Mrs. Cox's testimony would cast doubt on the state's witness. In this instance, all Mrs. Cox did was to substantiate the state's witness' version of the events. Therefore, no affirmative direct showing of injury or harm can be claimed, only that the appellant's witness merely failed to testify as expected, or at best failed to remember facts in a manner favorable to the appellant's case. Thus the appellant failed to establish injury to his cause as required in order to establish the predicate required to enable a party to impeach his own witness.

■ The appellant points out that in the vast number of cases addressing this issue, that it is the state's attorney who seeks to impeach his own witness. He asserts that this Court has never established what constitutes injury to a defendant's case. The appellant further reasons that since the state has the burden of proof in criminal trials, that the standard for determining what constitutes injury is necessarily a different one from that applicable to the defendant who bears no burden of proof.

There has been some confusion with regard to this area of the law. See *Brown v. State*, 523 S.W.2d 238 at 242 (Tex.Cr.App. 1975). Certainly neither a prosecutor nor a defendant establishes a predicate for impeachment merely because the witness has testified in an unexpected or inconvenient

---

1. It should be noted that in both the *Brown* and *Banks* opinions, this Court specifically urged and lauded the procedure outlined in the *Pelton* case, supra. In *Pelton*, 322 S.W.2d at 530, the Court noted that:

  "... In connection with this bill, we deem it sufficient to observe that the procedure which was employed was as near perfect as the writ-

er has observed. When the witness did not testify as expected, the jury were withdrawn, and State's counsel testified fully as to his prior conversations with the witness and demonstrated that he was in fact surprised. The witness was then questioned from his former statement and admitted that the statement was correct."

manner. Some cases have noted that when the prosecution is faced with this situation that, rather than having been injured, the case for the state has suffered a "mere failure of proof." See *Houston v. State*, 626 S.W.2d 43, 45 (Tex.Cr.App. 1982); *Lewis v. State*, 593 S.W.2d 704 (Tex.Cr.App. 1980). While it is accurate to say that the prosecutor who does not show, through direct testimony or otherwise, enough evidence to sustain a conviction has suffered a "failure of proof" with regard to his case, it should not be held that this creates for him a standard different from that of the defendant for establishing the predicate for impeachment.

While the appellant's point in this matter is well stated, the cases of *Banks v. State*, 510 S.W.2d 592 at 594 (Tex.Cr.App. 1974) and *Mims v. State*, 159 Tex.Cr.R. 180, 261 S.W.2d 727 at 729 (Tex.Cr.App.1953), leave no doubt that the standard is the same for the defendant as it is for the state. Furthermore, the statute creating this limited right, Art. 38.28, V.A.C.C.P., makes no distinction between the respective parties.

The judgment of the Court of Appeals is affirmed.

TEAGUE and CAMPBELL, JJ., concur in the result.

CLINTON and MILLER, JJ., dissent.